David Carl GUSTAFSON, Plaintiff–Appellant,

v.

CITY OF WEST RICHLAND; et al., Defendants–Appellees.

No. 12–35025.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed March 3, 2014.

David Carl Gustafson, Benton City, WA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David L. Force, Patrick G. McMahon, Esquire, Carlson Mcmahon & Sealby, PLLC, Wenatchee, WA, for Defendant–Appellee.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

David Carl Gustafson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action arising from his arrest for a domestic violence assault. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Gustafson's § 1983 claims against the City of West Richland because Gustafson failed to raise a genuine dispute of material fact as to whether any alleged federal constitutional violations resulted from an official custom, policy, or failure to train. *See Galen v. County of Los Angeles,* 477 F.3d 652, 667 (9th Cir. 2007) (requirements for municipal liability under § 1983).

The district court properly granted summary judgment on Gustafson's § 1983 claims against the individual defendants because Gustafson failed to raise a triable dispute as to whether the individual defendants violated his Fourth, Fifth, or Fourteenth Amendment rights. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plain-tiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Gustafson's 42 U.S.C. § 14141 claim because the statute only provides for civil actions brought by the United States Attorney General. *See* 42 U.S.C. § 14141(b).

The district court properly granted summary judgment on Gustafson's claim under the Americans with Disabilities Act ("ADA") because Gustafson failed to raise a triable dispute as to whether he was disabled and whether defendants failed to accommodate any disability. *See McGary v. City of Portland,* 386 F.3d 1259, 1264–65 (9th Cir.2004) (elements of Title II ADA claim).

The district court properly granted summary judgment on Gustafson's claim for false arrest and imprisonment because Gustafson failed to raise a triable dispute as to whether defendants lacked probable cause to arrest and detain him for a domestic violence assault. *See McBride v. Walla Walla County,* 95 Wash.App. 33, 975 P.2d 1029, 1032 (1999) (probable cause is a complete defense to claims for false arrest and imprisonment, and "exists when an officer has reasonable grounds to believe a suspect has committed or is committing a crime due to the surrounding circumstances").

The district court properly granted summary judgment on Gustafson's malicious harassment claim because Gustafson failed to raise a triable dispute as to whether defendants injured him, damaged his property, or threatened him because of a protected ground. *See* Wash. Rev.Code

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 9A.36.080(1) (definition of malicious harassment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Defendants' motion to strike, filed on September 17, 2012, is granted.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Collins's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.